## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HALI ANASTOPOULO, individually
and on behalf of all others similarly
situated,

        Plaintiff,

      v.

UNITED PARCEL SERVICE INC.

        Defendant.

Case No: 1-26-cv-01005-VMC

## CONSENT MOTION TO STAY RULE 26 DEADLINES

Having conferred with Plaintiff Hali Anastopoulo ("Plaintiff"), Defendant United Parcel Service, Inc. ("UPS," and together with Plaintiff, the "Parties") files this Consent Motion to Stay Rule 26 Deadlines.

With this Motion, UPS, with Plaintiff's consent, respectfully requests that the Court stay the deadlines in the Court's Consent Order Extending Time [Dkt. 11] until the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration [Dkt. 12], and, to the extent after such order any claims remain before this Court, UPS specifically requests that:

    a.    The Parties' deadline to conduct the Rule 26(f) conference be extended until 14 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration;

1

b.      The Parties' deadline to submit their Report 26(f) report be extended until 28 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration; and

c.      The Parties' deadline to submit their Rule 26 initial disclosures be extended until 28 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration.

In support of this Motion, UPS states:

1.      On April 13, 2026, UPS filed a Second Consent Motion for Extension of Time because "there [were] preliminary facts and allegations that would benefit from additional inquiry and investigation and [additional time would] allow the parties to discuss whether the matter can be resolved" before UPS responded to Plaintiff's Complaint. [Dkt. 10 at 2] UPS also noted that extending Rule 26 deadlines would "allow the parties to have a more productive and meaningful discussion about the issues in this case and to develop a comprehensive discovery plan" [Dkt. 10 at 3].

2.      Recognizing good cause existed for the request, on April 15, 2026, the Court granted UPS's motion, setting UPS's deadline to answer, file a motion to dismiss, or otherwise respond to Plaintiff's Complaint as May 11, 2026. The Court's order also extended the Parties' deadline to conduct the Rule 26(f) conference until

May 27, 2026, and the deadline for the Rule 26(f) report and initial disclosures until June 10, 2026 [Dkt. 11].

3.    On May 11, 2026, UPS filed a Motion to Dismiss or, in the Alternative, Compel Arbitration. The motion seeks dismissal of all claims with prejudice. Otherwise, the motion seeks an order compelling Plaintiff to individually arbitrate her claims. [Dkt. 12].

4.    The period for the parties to conduct the Rule 26(f) conference, file the Rule 26(f) report, and submit initial disclosures has not yet expired.

5.    Using the additional time provided by the Court in its Consent Order Extending Time [Dkt. 11], the Parties have productively and meaningfully discussed the issues in this case and the implications of UPS's motion on a future discovery plan.

6.    Good cause exists to grant the Consent Motion to Stay Rule 26 Deadlines, as the Parties have met and agree that Court's resolution of UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration would benefit their efforts to develop an efficient and comprehensive discovery plan.

7.    This filing is made in good faith and not for the purpose of delay or any other improper purpose.

8.    Plaintiff's counsel has consented to the above-referenced extensions.

For these reasons, UPS respectfully requests that the Court (a) extend the Parties' deadline to conduct the Rule 26(f) conference until 14 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration to the extent after such order any claims remain before this Court; (b) extend the Parties' deadline to submit their Rule 26(f) report until 28 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration, if such order keeps any claim before the Court; and (c) extend the Parties' deadline to submit their Rule 26 initial disclosures until 28 days after the Court rules on UPS's Motion to Dismiss or, in the Alternative, Compel Arbitration, if such order keeps any claim before the Court.

*[signature block on following page]*

Respectfully submitted this 22nd day of May, 2026

/s/ David B. Carpenter
Cari K. Dawson
Georgia Bar No. 213490
David B. Carpenter
Georgia Bar No. 292101
Kathryn J. Kostel
Georgia Bar No. 965916
Brennan Mancil
Georgia Bar No. 170596
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Cari.Dawson@alston.com
David.Carpenter@alston.com
Kate.Kostel@alston.com
Brennan.Mancil@alston.com

*Attorneys for Defendant United Parcel Service, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to N.D. Ga. Local Rule 5.1(C), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

This 22nd day of May, 2026.

/s/ David B. Carpenter
David B. Carpenter
Georgia Bar No. 292101

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **CONSENT MOTION TO STAY RULE 26 DEADLINES** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record for Plaintiff Hali Anastopoulo.

This 22nd day of May, 2026.

/s/ Brennan Mancil
Brennan Mancil
Georgia Bar No. 170596

7