# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| HALI ANASTOPOULO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE INC.<br><br>       Defendant. | Case No: 1-26-cv-01005-VMC |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, <u>IN THE ALTERNATIVE, COMPEL ARBITRATION</u>

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ......................................................................................1

II.   ARGUMENT ...........................................................................................1

    A.    Plaintiff Fails to Offer Any Evidence to Support the Court's Subject-Matter Jurisdiction...............................................................................1

    B.    The FAA Governs the Enforceability of the Parties' Arbitration Agreement, Which the Court Must Enforce Without Discovery. .........2

    C.    The FAAAA Preempts All of Plaintiff's Claims. ..................................5

    D.    Plaintiff's Breach of Contract and Unjust Enrichment Claims Fail. ....7

III.  CONCLUSION.......................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Airlines, Inc. v. Wolens*,
513 U.S. 219 (1995)................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................7

*Bazemore v. Jefferson Cap. Sys., LLC*,
827 F.3d 1325 (11th Cir. 2016) .............................................................2

*BMW of N. Am., Inc. v. Gore*,
517 U.S. 559 (1996)................................................................................8

*Hopkins v. World Acceptance Corp.*,
798 F. Supp. 2d 1339 (N.D. Ga. 2011)...................................................4

*Jackson v. Easters*,
379 S.E.2d 610 (Ga. Ct. App. 1989).......................................................3

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)................................................................................8

*Lawrence v. Dunbar*,
919 F.2d 1525 (11th Cir. 1990) .............................................................2

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*,
501 F.3d 1244 (11th Cir. 2007) .............................................................1

*Navia v. Nation Star Mortg. LLC*,
708 F. App'x 629 (11th Cir. 2018) .........................................................8

*O'Bryant v. Flowers Foods, Inc.*,
629 F. Supp. 3d 377 (D.S.C. 2022) ........................................................5

*OSI, Inc. v. United States*,
285 F.3d 947 (11th Cir. 2002) ...............................................................1

*Rice v. JNZ Transp., LLC*,
No. 2:24-CV-253-RWS, 2025 WL 1914911 (N.D. Ga. Mar. 4, 2025)...............5

*Saia Motor Freight Line, LLC v. Serampore Indus. Priv. (Ltd.), Inc.*,
  No. 2:24-CV-164-RWS, 2025 WL 3113720 (N.D. Ga. June 30, 2025) .............6

*Shah Ali Inv., LLC v. First Am. Title Ins. Co.*,
  No. 1:20-CV-02656-SCJ, 2021 WL 12130744 (N.D. Ga. Mar. 10, 2021) .........8

*Shlapak v. Dau*,
  917 S.E.2d 767 (Ga. Ct. App. 2025)......................................................................6

*Sierra v. City of Hallandale Beach*,
  996 F.3d 1110 (11th Cir. 2021) ............................................................................2

*Sowa v. Mercedes-Benz Grp. AG*,
  764 F. Supp. 3d 1233 (N.D. Ga. 2024).................................................................6

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ....................................................................1

## I.    INTRODUCTION

Plaintiff's response underscores what UPS's motion makes clear: this action cannot proceed in this forum because (1) Plaintiff lacks standing, (2) this dispute would otherwise belong in arbitration, and (3) Plaintiff cannot obtain relief with these claims as pleaded. The Court should grant UPS's motion to dismiss or, in the alternative, compel arbitration.

## II.    ARGUMENT

### A.    Plaintiff Fails to Offer Any Evidence to Support the Court's Subject-Matter Jurisdiction.

Plaintiff's response is limited to a recitation of the basic elements of standing, Pl.'s Resp. in Opp'n at 6, Doc. 13, and she fails to rebut UPS's evidence with any evidence of her own. UPS's motion under Rule 12(b)(1) is a "factual attack" based on evidentiary matters outside the pleadings. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In the face of a factual challenge to subject-matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Plaintiff has wholly failed to meet her burden, as she presents no evidence that she paid "tariff-related fees" or "tariff-related charges, fees, and surcharges" as she alleges in her Complaint. Compl. ¶¶ 42, 49, Doc. 1. Instead, she rests on her allegations, Pl.'s Resp. in Opp'n at 7, but those allegations are not presumed truthful

1

against a factual attack on subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

UPS's unopposed evidence shows that Plaintiff never paid UPS any IEEPA tariffs or fees that underlie her theory of harm, and so she did not suffer an injury-in-fact sufficient to confer standing. Kelly Decl. ¶¶ 13–14, Doc. 12-2; *see Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1112–13 (11th Cir. 2021) (summarizing injury-in-fact standards and caselaw). Because Plaintiff has failed to show that she has standing, the Court must dismiss the action for lack of subject-matter jurisdiction.

### B. The FAA Governs the Enforceability of the Parties' Arbitration Agreement, Which the Court Must Enforce Without Discovery.

Plaintiff also incorrectly argues in her response that the FAA does not apply and that Georgia law determines whether she must arbitrate her claims. Pl.'s Resp. in Opp'n at 7–8. In doing so, she incorrectly displaces the FAA: it sets a federal policy in favor of enforcing arbitration agreements when the parties agree to them, even if state law determines the existence and enforceability of such agreements. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016).

And while Georgia law (or South Carolina or California law—again, Plaintiff has not identified any specific contract[1]) might govern, the existence and

---

[1] Remarkably, Plaintiff argues that "[t]he party asserting the existence of a contract has the burden of proving its existence and its terms." Pl.'s Resp. in Opp'n at 8

2

enforceability of the parties' arbitration agreement cannot be disputed. Plaintiff asserts that the "exact terms of the contract are in dispute," and so "whether Plaintiff actually agreed to the arbitration clause, and whether there was an enforceable contract that was breached are questions better left to a jury."[2] Pl.'s Resp. in Opp'n at 9. Of course, Plaintiff's failure to attach or even identify the contract that UPS allegedly breached makes UPS's and the Court's task slightly more challenging (and necessitates dismissal of her breach of contract claim as discussed below).

It is clear, however, that Plaintiff agreed to arbitrate this dispute. She pleads that she entered into UPS's "Terms and Conditions" contract, which governs her "rights and obligations." Compl. ¶¶ 34–35. The only document to which that can refer is the UPS Tariff/Terms. Def.'s Mem. of Law. in Supp. of Def.'s Mot. to Dismiss or, in the Alt. Compel Arbitration at 4 n.3, Doc. 12-1; Kelley Decl. ¶ 15 n.1. And the only invoice that Plaintiff paid expressly refers to the Tariff/Terms several

---

(quoting *Jackson v. Easters*, 379 S.E.2d 610, 611 (Ga. Ct. App. 1989)). Plaintiff's case is based on a breach of contract claim for a contract and based on terms that she herself apparently cannot identify. Thus, under the standard that she invokes (which comes from a decision involving a motion for directed verdict and JNOV), it is her burden to prove the existence of the contract—a contract that she now claims is in dispute, despite asserting a claim for breach of contract.

[2] Plaintiff later contradicts herself, though, by conceding that the arbitration clause was included in a "standard" and "mandatory 'terms and conditions' agreement." Pl.'s Resp. in Opp'n at 10.

times. Kelly Decl. Ex. 3, Delivery Service Invoice at 1. All evidence points to this document as the contract at issue, and Plaintiff has not disputed that.

And contrary to Plaintiff's plea, discovery is *not* required to determine whether she must arbitrate her claim. As she notes in her Opposition, "when extrinsic evidence exists and is disputed, the question of whether a party has assented to the contract is generally a matter for the jury." Pl.'s Resp. in Opp'n at 9 (citation omitted). But as discussed above, there is no dispute on extrinsic evidence. Plaintiff has not presented *any* evidence to dispute the evidence that UPS cited in support of its motion to compel arbitration. Rather, she simply states that "questions of contract law . . . are better left to a jury." Pl.'s Resp. in Opp'n at 10. Such legal questions are squarely within the purview of the Court, particularly when there is only one governing contract identified by the parties.

Finally, Plaintiff's argument that she did not have any "bargaining power to agree or disagree" to the arbitration provision, so "the arbitration clause is unenforceable," likewise falls short. Pl.'s Resp. in Opp'n at 10. A form contract "requiring arbitration is not *per se* unconscionable or unenforceable, and the concerns attending to contracts of adhesion can be addressed by highlighting important terms." *Hopkins v. World Acceptance Corp.*, 798 F. Supp. 2d 1339, 1346 (N.D. Ga. 2011). The Tariff/Terms have a prominent, unambiguous, and repetitive arbitration agreement requiring a claimant to individually arbitrate her claims arising

4

out of or related to UPS's services.[3] Kelly Decl. Ex. 4 (UPS Tariff/Terms, Effective June 2, 2025) § 55, Doc. 12-3; *see O'Bryant v. Flowers Foods, Inc.*, 629 F. Supp. 3d 377, 380–81, 385 (D.S.C. 2022) (compelling arbitration because the plaintiff failed to meet his burden of establishing that the parties' arbitration agreement—which set forth its individual arbitration requirements in several places and once in "bold, capital letters"—was unenforceable under Georgia and federal law).

There can be no dispute: Plaintiff agreed to an arbitration provision, and the exact terms of that provision are known. Discovery is not necessary, and—if the Court does not dismiss the action—the Court should compel Plaintiff to individually arbitrate her claims against UPS.

## C.   The FAAAA Preempts All of Plaintiff's Claims.

UPS acknowledges that the FAAAA does not preempt "routine" breach of contract claims. *Rice v. JNZ Transp., LLC*, No. 2:24-CV-253-RWS, 2025 WL 1914911, at *2 (N.D. Ga. Mar. 4, 2025). But Plaintiff's breach of contract claim is not routine: not only does she fail to identify a contract provision that UPS breached, but also the lawfulness of UPS's conduct under Plaintiff's theory of the case necessarily enlarges or enhances the parties' bargain. *See* Def.'s Mem. of Law. in

---

[3] Plaintiff does not dispute that her claims arise out of or are related to UPS's services, so—if the Court determines that she agreed to the arbitration provision in the Tariff/Terms—then the provision encompasses this dispute.

5

Supp. of Def.'s Mot. to Dismiss or, in the Alt. Compel Arbitration at 15–18; *Saia Motor Freight Line, LLC v. Serampore Indus. Priv. (Ltd.), Inc.*, No. 2:24-CV-164-RWS, 2025 WL 3113720, at *7 (N.D. Ga. June 30, 2025); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 (1995).

Further, Plaintiff argues that the FAAAA does not preempt her unjust enrichment claim because she may plead unjust enrichment as an alternative basis of recovery at this stage. Pl.'s Resp. in Opp'n at 12–13. Notwithstanding the fact that the Court should dismiss her unjust enrichment claim because she does not dispute the validity of her contract with UPS, *Sowa v. Mercedes-Benz Grp. AG*, 764 F. Supp. 3d 1233, 1291 (N.D. Ga. 2024), the FAAAA preempts ***any*** cause of action beyond one authorized by the parties' agreement, which necessarily includes unjust enrichment. *Saia Motor Freight Line, LLC*, 2025 WL 3113720, at *7 (discussing the scope of FAAAA preemption). A party can only recover under unjust enrichment in the absence of a contract between the parties. *Shlapak v. Dau,* 917 S.E.2d 767, 780 (Ga. Ct. App. 2025). Whether she is otherwise allowed to plead unjust enrichment in the alternative is beside the point. The FAAAA preempts her unjust enrichment claim whether it is pleaded directly or in the alternative, and the Court should dismiss it.

6

**D.    Plaintiff's Breach of Contract and Unjust Enrichment Claims Fail.**

Plaintiff fails to state claims upon which relief can be granted for many reasons. Plaintiff offers a barebones defense of her causes of action by listing the elements of her claim and rehashing her conclusory allegations, which generally reinforces that she has not plausibly alleged facts supporting her entitlement to relief. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Contrary to Plaintiff's protestations, UPS acted lawfully at all relevant times. Plaintiff argues that UPS "charged her illegal tariffs under the IEEPA for the shipment of goods, which is a breach of contract." Pl.'s Resp. in Opp'n at 14. But her theory of the case makes clear that the tariffs, and consequently any fees connected to those tariffs, were legal until the Supreme Court ruled otherwise. Her complaint alleges that the Supreme Court ruled that the IEEPA tariffs were "illegal" on February 20, 2026. Compl. ¶¶ 2, 12. It was the "decision" that "invalidated the tariffs." *Id.* ¶ 15. But "[b]*efore that ruling*, UPS imposed tariff-related charges and increased shipping costs on customers." *Id.* ¶ 3 (emphasis added). So, the Complaint itself acknowledges that UPS's actions predated the invalidating act, and the Complaint does not allege that UPS charged or collected "unlawful tariff-related charges" thereafter.

7

To hold UPS liable now for its past legal actions would violate "[e]lementary notions of fairness enshrined in our constitutional jurisprudence," which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996) (concluding that a corporation did not receive fair notice of a possible civil damages award against it—there, grossly excessive punitive damages). Plaintiff may not use state-law causes of action to penalize UPS by transforming its legal acts into illegal ones without fair notice (i.e., applying the Supreme Court's decision prospectively, not retrospectively). Instead, the lawfulness of UPS's conduct should be measured by the law that existed at the time of UPS's challenged conduct. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994); *Navia v. Nation Star Mortg. LLC*, 708 F. App'x 629, 630 n.1 (11th Cir. 2018).

With respect to her specific claims, Plaintiff has not alleged any breach of any specific contract by UPS. As noted in UPS's opening brief, Plaintiff's breach of contract claim fails as a matter of law because she "fails to identify a specific contractual provision that [UPS] breached." *Shah Ali Inv., LLC v. First Am. Title Ins. Co.*, No. 1:20-CV-02656-SCJ, 2021 WL 12130744, at *5 (N.D. Ga. Mar. 10, 2021) (citing cases). This alone is the death knell for Plaintiff's breach of contract claim. But, assuming that the parties' contract is the Tariff/Terms and accepting Plaintiff's

8

allegations as true, UPS at all times acted in accordance with the Tariff/Terms. Plaintiff does not dispute that UPS's conduct comported with §§ 40 and 49 of the Tariff/Terms, which required UPS to assess charges according to the rates "in effect at the time of shipping." Kelly Decl. Ex. 4 (UPS Tariff/Terms, Effective June 2, 2025) §§ 40, 49. At the time that UPS shipped Plaintiff's order, the Supreme Court had not invalidated the IEEPA tariffs, which were valid and required to be charged by the U.S. Government. *Compare* Kelly Decl. Ex. 2, International Package Services Invoice at 2 (dated September 26, 2025), *with* Compl. ¶¶ 12–13 (alleging that the Supreme Court invalidated the IEEPA tariffs, which were imposed by the federal government and paid to U.S. Customs, on February 20, 2026). So, if UPS charged and collected "tariff-related fees" from Plaintiff predicated on the IEEPA, then UPS applied the fees "in effect at the time of shipping." Because the Tariff/Terms is the contract supporting Plaintiff's breach of contract cause of action, *see supra* § II.B, and UPS followed its terms, Plaintiff has failed to state a claim for breach of contract.

Finally, UPS was not unjustly enriched. Plaintiff argues that UPS "was unjustly enriched by keeping the monies paid by Plaintiff for the illegal tariffs." Pl.'s Resp. in Opp'n at 14. But, as an importer, UPS collected and paid "tariffs imposed under the IEEPA" to U.S. Customs. Compl. ¶ 13. UPS did not retain the tariffs, and so it was not unjustly enriched by them. Further, if UPS charged and collected fees based on then-lawful and mandatory U.S. regulations, UPS did not retain funds that

9

were unlawful or invalid at the time they were paid. And, ultimately, UPS could not have been enriched by keeping any payments connected to IEEPA tariffs because Plaintiff made no such payments to UPS.

### III.    CONCLUSION

Nothing in Plaintiff's response repairs the profound deficiencies in her Complaint. The Court should grant UPS's motion to dismiss or, in the alternative, compel arbitration.

Respectfully submitted this 5th day of June, 2026

/s/ David B. Carpenter
Cari K. Dawson
Georgia Bar No. 213490
David B. Carpenter
Georgia Bar No. 292101
Kathryn J. Kostel
Georgia Bar No. 965916
Brennan Mancil
Georgia Bar No. 170596
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Cari.Dawson@alston.com
David.Carpenter@alston.com
Kate.Kostel@alston.com
Brennan.Mancil@alston.com

***Attorneys for Defendant United Parcel Service, Inc.***

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to N.D. Ga. Local Rule 5.1(C), I hereby certify that the foregoing

filing complies with the applicable font and size requirements and is formatted in

Times New Roman, 14-point font.

This 5th day of June, 2026.

/s/ David B. Carpenter
David B. Carpenter
Georgia Bar No. 292101

11

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR,**

**IN THE ALTERNATIVE, COMPEL ARBITRATION** with the Clerk of the Court

using the CM/ECF system, which will automatically send notification of such filing

to counsel of record for Plaintiff Hali Anastopoulo.

This 5th day of June, 2026.

/s/ Brennan Mancil
Brennan Mancil
Georgia Bar No. 170596

12